## Boner, Appellant, *v.* Luhman.

[Marked to be reported.]

*Appeal from justice of the peace—Transcript—Amendment—Promissory note—Declaration—Evidence.*

On an appeal from a justice of the peace, the transcript, upon which as a declaration the case was tried, showed that plaintiff's claim was for money due for timber sold to the defendant : *Held,* (1) that plaintiff was entitled to show that his claim before the justice was upon a promissory note given by the defendant for the timber; (2) that plaintiff was entitled to amend his declaration by adding a count upon the note. Whether the transcript could be amended so as to make the claim appear to be upon the note, instead of for timber sold, not decided.

Argued April 12, 1892.   Appeal, No. 253, Jan. T., 1892, by plaintiff, Robert Boner, from judgment of C. P. Luzerne Co., Oct. T., 1887, No. 1104, compulsory nonsuit.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Appeal from judgment of a justice of the peace.

On the trial before RICE, P. J., the following agreement was in evidence:

" January 3, 1887.   Agreement between Adolph Luhman and Robert Boner and Theodore Kennedy.   This day Robert Boner and Theodore Kennedy agree to sell to Adolph Luhman all the timber measuring five inches over at the butt on all of their unfenced lands, including one field that is fenced with wire; the timber to be removed by Adolph Luhman or any party authorized by him within three years from the date of this agreement.   He also has the privilege of making roads and using them on the land to remove the lumber.

(Signed)          ADOLPH LUHMAN,
                          ROBERT BONER,
                          THEODORE KENNEDY."

The other facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1–3) rejection of plaintiff's offer of evidence and his offers to amend, stated in the opinion; (4) refusal to take off nonsuit.

*William R. Gibbons, William S. McLean* with him, for appellant.—The plaintiff should have been allowed to amend: Bright v. Getz et al., 81* Pa. 144; act of 1810, Purd. Dig. 994, pl. 103; act of May 10, 1871, P. L. 265; Robinson et al. v. Taylor, 4 Pa. 242.

The defendant severed his obligation to pay Kennedy and the plaintiff jointly; and no joint action could be maintained: Wait's Actions and Defences, vol. 1, 76; Marys v. Anderson, 24 Pa. 275.

The contract in this case was not real, as it was only for the produce of land: Rhoades v. Patrick, 27 Pa. 323; and the timber was to be removed within three years and not at the discretion of the defendant: Pattison's Appeal, 61 Pa. 294; Bowers v. Bowers, 95 Pa. 477; Miller v. Zufall, 113 Pa. 317.

*G. L. Halsey* for appellee.—Under the act of March 20, 1810, 5 Smith's Laws, 161, Purd. Dig. 977, pl. 32, the justice of the peace had no jurisdiction, as this was a real contract: Huff v. McCauley, 53 Pa. 210; Pattison's Appeal, 61 Pa. 294; Coxe v. England, 65 Pa. 223; Kisler v. Kisler, 2 W. 325; Lee v. Dean, 3 R. 325.

There was no allegation of fraud, accident or mistake, and plaintiff's offer of evidence was therefore properly refused. Christ v. Diffenbach, 1 S. & R. 464; Morrison v. Morrison, 6 W. & S. 516; the result would have been a contradiction of the record: Hoffman v. Coster, 2 Wh. 453; Graham v. Smith, 25 Pa. 323.

On an appeal from a justice of the peace, the cause of action cannot be changed: Lyon v. Chalker, 2 W. 15; Caldwell v. Thompson, 1 R. 370; Esher v. Flagler, 17 S. & R. 141.

OPINION BY MR. CHIEF JUSTICE PAXSON, April 25, 1892:

This suit originated before a justice of the peace. It was tried in the court below upon the transcript without a declaration. The transcript sets forth that plaintiff claims $145 for timber sold to the defendant. Upon the trial in the court below, the plaintiff produced a promissory note for $145, signed

by the defendant, which was objected to, and excluded upon the ground that the suit was brought for timber sold. The plaintiff then offered to show " that his claim before the said justice of the peace was the same as before the court and jury, viz.: upon a promissory note for $145, made by the defendant, and payable to the plaintiff, dated Jan. 3, 1887, and heretofore offered in evidence, not for the purpose of contradicting the record of the justice, but for the purpose of showing that the claim, made before the justice, and before the court and jury, was one and the same claim."

This offer was objected to, and ruled out, upon the ground that it contradicted the record of the justice as indicated by his transcript, and because another judge of said court had decided that the case before the justice of the peace was upon a contract for the sale of standing timber.

The plaintiff then offered to amend the transcript, which stands as a declaration, so as to make it appear to be a claim upon a promissory note for $145, instead of for timber sold the defendant. This was rejected.

The plaintiff then offered to amend by filing a declaration upon the promissory note in question. This amendment was rejected by the learned judge, for the reason that by previous adjudication of the court, the action brought before the justice of the peace was an action brought on a joint contract for the sale of timber, which was a different cause of action than the one now offered to be shown. The court thereupon entered a compulsory nonsuit.

The facts as alleged are, that the plaintiff and one Theodore Kennedy were owners in common of a small tract of land in Foster township, Luzerne county, upon a part of which there was standing timber. On the day aforesaid they sold the timber to the defendant, Adolph Luhman, for the sum of $290; that he gave the plaintiff his note for $145, being his share of the purchase money, and at the same time settled with Kennedy for his share. It thus appears that the note in controversy was the plaintiff's share of the purchase money for this timber, and we are at a loss to see why he was not entitled to recover in this suit, and why he was not permitted to show that the note was for the same cause of action as the suit before the justice. We do not understand the latter to be a suit upon a joint con-

tract. It was a suit against the defendant for the plaintiff's share of certain timber for which the defendant gave him his promissory note. The note did not change the cause of action. It was merely the evidence of the amount due. The giving of a note to a merchant for a bill of goods, or to a mechanic for the construction of a house, does not destroy the original cause of action. The one may bring his suit for goods sold and delivered, the other may file his lien. In any event, the plaintiff should have been permitted to amend his declaration by adding a count upon the note. The right to amend the transcript is not so clear, but this is technical and unimportant. The first, third and fourth specifications are sustained.

The judgment is reversed, and a venire facias de novo awarded.